IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DENNIS E. BOWEN,**<br><br>**Defendant.** | Case No. 17-CR-20084-JAR |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Dennis E. Bowen's Motion for Compassionate Release (Doc. 47). For the reasons provided below, Defendant's motion is denied.

**I.   Background**

On February 26, 2018, Defendant pleaded guilty to escape from custody, in violation of 18 U.S.C. § 751(a).[1] On May 31, 2018, this Court sentenced Defendant to a 12-month and 1-day term of imprisonment, a 36-month term of supervised release, and a $100 special assessment.[2] On February 18, 2020, due to Defendant's violation of his supervised release conditions, the Court imposed an additional 18-month imprisonment term, to be followed by a term of 12 months supervised release.[3]

Defendant is currently incarcerated at Terre Haute FCI in Indiana. The Bureau of Prisons ("BOP") reports 141 inmates at that facility have tested positive for COVID-19, 569 inmates have been tested, and one inmate has died.[4] There are eight active inmate cases, one active staff

---

[1] Doc. 16.

[2] Doc. 20.

[3] Doc. 43.

[4] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed October 8, 2020).

case, and 30 tests are pending.[5]  Defendant is 49 years old, and his projected release date is April 18, 2021.

On July 29, 2020, Defendant filed a motion requesting compassionate release due to his underlying medical conditions of obesity, chronic kidney disease, and hypertension and the risk of severe complications or death should he contract COVID-19 while in prison.[6]  He requests that his time be reduced to time served and to serve the remainder of his imprisonment in home confinement.  Defendant is represented by counsel.

## II.   Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[7]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[8]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

---

[5] *Id.*

[6] Defendant is represented by the Federal Public Defender ("FPD").

[7] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[8] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

whichever is earlier. . . ."[9]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[10]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[11]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[12]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory or the defendant is suffering from a serious physical or medical condition, serious functional or

---

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[11] 18 U.S.C. § 3582(c)(1)(A).

[12] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other reasons as determined by the director of the BOP.[13]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[14]

### III. Discussion

#### A. Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  Defendant sent a letter to the Warden on June 27, 2020 requesting compassionate release.[15]  As of July 29, 2020, the date Defendant filed his motion in this Court, more than 30 days had passed.  In addition, the Government does not dispute that Defendant has satisfied the applicable exhaustion requirement.  Thus, because more than thirty days have passed since Defendant filed his request with the Warden, this Court has jurisdiction to decide Defendant's motion.

#### B. Extraordinary and Compelling Reasons

---

[13] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[14] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[15] Doc. 47-1.

Having determined that Defendant properly exhausted administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant a reduction in Defendant's sentence.  Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[16]  The Sentencing Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances which may constitute extraordinary relief.[17]

Here, Defendant asserts that his circumstances constitute extraordinary, compelling reasons to reduce his sentence.  He contends that his underlying health conditions of obesity, hypertension, and chronic kidney disease, coupled with the outbreak of COVID-19 in prison, make him more susceptible to serious illness or death should he contract COVID-19.   The government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical conditions in the context of the COVID-19 pandemic constitute an extraordinary and compelling reason.  The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.  Accordingly, the Court will move on to consider the § 3553(a) factors.

### C. Section 3553(a) Factors

The Court next considers whether Defendant's reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a).  That statute requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--

---

[16] 28 U.S.C. § 994(t).

[17] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

5

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[18]

While the Court takes all seven § 3553 factors into account, those most pertinent to Defendant's case are the nature and circumstances of the offense and the history and characteristics of the offense, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public from further crimes. In consideration of these factors, the Court concludes that releasing Defendant now would not leave him with a sentence that is "sufficient, but not greater than necessary."

Defendant is currently serving a sentence for violating his supervised release plan. His underlying offense for which he was on supervised release was escape from custody. He was in custody for bank robbery. Thus, Defendant was convicted of the crime of bank robbery, escaped while in custody for this offense, was imprisoned again for the offense of escape from custody, released after his imprisonment ended, and then violated his term of supervised release on multiple occasions, which resulted in him being sent back to prison.

---

[18] 18 U.S.C. § 3553(a).

Defendant has an extensive criminal history involving robberies, some armed, and his supervised release violations are of the more serious nature.  Defendant even concedes that his criminal history and record on supervision "are far from impressive"[19] and a special condition of home confinement is warranted.  Although Defendant requests home confinement for the remainder of his prison sentence, the Court has little confidence that Defendant would abide by those terms.  In addition, because Defendant's offenses, both for which he was imprisoned and for which his supervised release was revoked, are of a more serious nature, there is a need to protect the public from further criminal conduct.  Finally, although Defendant has underlying medical conditions that raise his risk of serious complications from COVID-19 should he contract it, the facility in which he is housed has a small amount of current positive COVID-19 cases.

Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct or his criminal history.  Nor would it provide adequate deterrence or appropriate punishment.  The Court finds that the 18-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court finds that Defendant does not demonstrate an extraordinary and compelling reason warranting sentence reduction and an early release from prison.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Compassionate Release (Doc. 47) is **DENIED**.

**IT IS SO ORDERED.**

---

[19] Doc. 51 at 1.

7

Dated: October 14, 2020

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE